Méndez, Appellant, *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Deed of Cancelation.

No. 571.—Decided June 18, 1923.

Record of Title—Cancelation of Mortgage—Extension.—A deed of cancelation of a mortgage having been executed because the mortgagor had discharged all the obligations secured thereby, the registrar refused to record the deed because prior to the cancelation the mortgagee had executed a deed of extension wherein he agreed not to cancel or foreclose the mortgage until the debtor had paid certain debts owing to other creditors. *Held:* That the obligation secured by the mortgage having disappeared, the deed of extension does not prevent the cancelation of the mortgage, because what does not exist is not susceptible of extension.

The facts are stated in the opinion.

*Mr. A. Mena* for the appellant.

The respondent did not appear.

Mr. Justice Franco Soto delivered the opinion of the court.

A deed for the cancelation of a mortgage was presented

in the Registry of Property of Caguas and the registrar refused to record it for the following reasons:

"This deed No. 92 for the cancelation of a mortgage, executed in Caguas on March 15, 1923, before notary Andrés Mena Latorre, is not recorded because it appears from the registry and from deed No. 104 executed in Caguas on November 13, 1918, before notary Carlos B. Buitrago that the mortgage canceled by said deed No. 92 was extended by mortgagee Francisco Méndez Jiménez and his wife, María Cano, who agreed not to cancel or foreclose the said mortgage until the mortgagor, José B. Méndez Jiménez, had paid other debts to different persons, and it does not appear from the registry that the said debts have been paid."

It appears from the deed that the mortgage sought to be canceled was created by the mortgagor to secure to the mortgagee two solidary obligations signed by him jointly with the mortgagor, one for $700 to the order of Magín Argüelles and the other for $2,225 to the order of Pedro Orcasitas. The conditional character of the mortgage is clear and its effectiveness depended upon the failure of the mortgagor to pay the said personal obligatons at maturity, for if they were so paid the mortgage *ipso facto* remained without force. These being the conditions of the mortgage and the mortgagee having acknowledged that the two obligations were paid in full by the mortgagor and that therefore he desired and consented to the total cancelation of the mortgage, the consequence was that the mortgage became extinguished with all of its legal effects, including its record in the registry. This seems simple, but the registrar who has filed no brief in support of his decision bases his refusal to record the deed on the fact that by deed No. 104 executed in Caguas on November 13, 1918, the mortgage was extended by the mortgagee who agreed not to cancel or foreclose it until the mortgagor had paid other debts to various persons.

However, the record did not contain said deed No. 104, but by an order of this court for a better understanding of the case we have before us a certified copy of the entry in the registry of the said deed and it shows that mortgagee Francisco Méndez Jiménez agreed not to cancel or foreclose his mortgage, originally subject to a suspensive condition dependent upon obligations different from those mentioned in deed No. 104; but it also appears from this last deed that the object of its execution was that the mortgagee should postpone the foreclosure of his mortgage, its effectiveness depending upon whether or not mortgagor José B. Méndez Jiménez paid the two obligations mentioned in the mortgage deed.

Of course the deferment of the mortgage to the other personal debts mentioned in deed No. 104, the mortgagee agreeing not to foreclose until mortgagor José B. Méndez had paid such debts, amounted to an agreement that the said personal obligations had preference over the mortgage, but the consideration for the said mortgage having disappeared, that is, the mortgagee stating in the deed of cancelation that José B. Méndez y Jiménez had paid in full the two obligations that the mortgagee had signed as his solidary surety, the consideration for the mortgage, we do not see on what ground the registrar could have based his decision when the disappearance of the consideration must be followed by its effects.

On the other hand, not losing sight of the reason of the mortgagee for extending the mortgage and giving preference to other personal credits, the cancelation of the mortgage removed the contingency of such preference, the way being still more open for the collection of the said personal debts referred to in deed No. 104 and its purpose being fulfilled. Besides, the fact that mortgagee Francisco Méndez Jiménez agreed to subordinate his eventual credit to

the other personal obligations of the mortgagor, agreeing not to cancel or foreclose, could not be interpreted as extending the time for cancelation except as a consequence of the prohibition to foreclose, for it is well known that the foreclosure of a mortgage carries with it its cancelation.

For the foregoing reasons the decision must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.